AEE

FILED
FEBRUARY 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1040

JUDGE ZAGEL
MAGISTRATE JUDGE DENLOW

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA STANTON,<br><br>   Plaintiff,<br><br>v.<br><br>CONAGRA FOODS, INC.,<br><br>   Defendant. | Case No. |

## DEFENDANT'S NOTICE OF REMOVAL

TO: The United States District Court
   For the Northern District of Illinois
   Eastern Division

  Defendant-Petitioner, ConAgra Foods, Inc. ("ConAgra"), by counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files its Notice of Removal and notifies this Court that it is removing the above-captioned action currently pending in the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, ConAgra states as follows:

  1. Plaintiff Lisa Stanton filed her Complaint against Defendant in the Circuit Court of Cook County, Illinois, County Department, Law Division on January 7, 2008. This case is styled: *Lisa Stanton v. ConAgra Foods, Inc.*, Case No. 2008 L 000132.

  2. ConAgra's agent for service of process was served with Plaintiff's Complaint on February 4, 2008. Thus, ConAgra's Notice of Removal is being filed with this Court within thirty (30) days of service of the Complaint, as required by 28 U.S.C. § 1446(b).

  3. All papers served in state court including the Summons and Complaint are attached hereto and identified collectively as Exhibits A and B.

4.  In accordance with 28 U.S.C. § 1446(d), ConAgra has given contemporaneous written notice of this Notice of Removal to all adverse parties and the clerk of the Circuit Court of Cook County, Illinois, County Department, Law Division.  See Notice of Filing of Notice of Removal, attached hereto as Exhibit C.

## DIVERSITY OF CITIZENSHIP

5.  Diversity jurisdiction exists under 28 U.S.C. § 1332 because Plaintiff is a citizen and resident of the state of Illinois.  See Plaintiff's Complaint, at ¶ 6.  Conversely, ConAgra is not a citizen of Illinois.  ConAgra is a corporation organized under the laws of the State of Delaware with its corporate headquarters and principal place of business in the state of Nebraska.  See 10Q Report, attached hereto as Exhibit D.  Therefore, ConAgra is a citizen of Nebraska and Delaware for purposes of determining diversity jurisdiction.  Diversity jurisdiction exists because ConAgra and Plaintiff are citizens of different states.

6.  Accordingly, complete diversity of citizenship existed between Plaintiff and ConAgra at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

7.  Venue is proper because ConAgra is removing this case to the federal district court embracing the place where the state court action was filed, as required by 28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

8.  In her Complaint, Plaintiff seeks damages "in excess of $50,000" in four separate counts for illness allegedly caused by her ingestion of Peter Pan peanut butter.  See Plaintiff's Complaint, ¶¶ 7 and 8, at pp. 2, 4, 6, and 8.  Plaintiff's Complaint further alleges that she "became violently ill with headaches, vomiting, body aches, severe abdominal pain and bloody diarrhea."  Id., ¶ 8, at pp. 2, 4, 6 and 8.  Plaintiff alleges that she contracted salmonella poisoning

and suffered injuries of a personal and pecuniary nature "in excess of $50,000 plus costs." See id., at ¶ 13, at p. 3; ¶ 12 and Prayer for Relief, at p. 4-5; ¶ 12 and Prayer for Relief, at p. 7; ¶ 12 and Prayer for Relief, at p. 8.

9. Plaintiff does not seek a specific amount of damages in her Complaint. Instead she seeks damages in excess of $50,000 in four separate counts of her Complaint. See id., at pp. 3, 5, 7 and 8. However, a defendant may remove a suit to a federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. Where, as here, a plaintiff alleges no specific amount of damages in the complaint, a removing defendant must set forth facts in the notice of removal to show that the amount in controversy exceeds $75,000. See Oshana v. Coca-Cola Co., 472 F.3d 506, 512 (7th Cir. 2006). Stated another way, the removing defendant must set forth specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. See id.

10. A review of Plaintiff's Complaint reveals that Plaintiff seeks more than $75,000, exclusive of interest and costs. Plaintiff seeks to recover damages for serious personal injury when she became "violently ill with headaches, vomiting, body aches, severe abdominal pain, and bloody diarrhea." See id., at ¶ 8, at pp. 2, 4, 6 and 8. Plaintiff seeks damages for her contraction of salmonella poisoning, including all personal and pecuniary injuries. See id., ¶ 13, at p. 3; ¶ 12, at p. 4; ¶ 12, at p. 7; ¶ 12, at p. 8. Since Plaintiff is seeking general and special damages for serious illness, it is apparent that the damages claimed by Plaintiff, if proven, will likely exceed $75,000. See id.

11. Moreover, a reasonable and good faith estimate of the amount of damages recoverable by Plaintiff exceeds $75,000 when compared to other similar cases. The case of Van Hozenbrouk v. Kroger Co. is illustrative of the potential size of the claims being asserted here. 1995 WL 725780, JVR No. 164022 (Cir. Ct. Mich. April, 1995). In Van Hozenbrouk, a jury

awarded a verdict in favor of a sixty-six year-old man who suffered from Salmonella food poisoning after consuming shrimp eggrolls from a Kroger grocery store. See id. The jury awarded the plaintiff $118,280 in damages. See id.

12. Van Hozenbrouk is hardly the only example of a damages award over the jurisdictional amount in food poisoning case. Indeed, a quick search of verdicts, settlements, and arbitration/mediation awards nationwide reveals eight cases where $100,000 or more was awarded per plaintiff, and two claimants sickened by salmonella recovered more than $1 million.[1] Some of these awards date back almost two decades, and in present-value dollars, they would be even more.

13. In other complaints recently filed in other jurisdictions arising from facts that are virtually identical to those of this case and containing similar allegations regarding damages for individuals, plaintiffs have averred damages well above the jurisdictional amount.[2]

---

[1] See Pavlounis v. L&B Spumoni Gardens, 2002 WL 31887106 (N.Y. Sup. Ct. July 8, 2002) ($220,000); Anonymous 32 Year Old Single Male v. Anonymous Restaurant, 2002 WL 1870399, JAS VA Ref. No. 400028WL (Va. Cir. Ct. Feb. 2, 2002) ($4,000,000); Doe v. Boll Weevil, Inc., 1999 WL 33498557 (Calif. Super. Ct. July 22, 1999) ($231,147); McVeigh v. Defendant, 1997 WL 33345708, 12 Nat. J.V.R.A. 5:17 (Camden County, N.J., May 6, 1997) ($180,000); Van Hozenbrouk v. Kroger Co., 1995 WL 725780 (Mich. Cir. Ct., April 1995) ($118,280); Fortin v. Victory Supermarket, 1993 WL 1466123, JAS MA Ref. No. 92295WL (Mass. Super. Ct. June 3, 1993) ($1.1 million); Santos v. Gerard & Aramig Corp., 1990 WL 482610, JVR No. 79,277 (N.Y. Sup. Ct. June 1990) ($100,000 to plaintiff; $25,000 to spouse for loss of service); Plaintiff v. Defendant, 1986 WL 454072, JVR No. 18,213 (Mass. Super. Ct. 1986) ($100,000).

[2] Mark Avalone, et al. v. ConAgra Foods, Inc., Case No. 6:07-CV-06084-CJS, filed in the United States District Court for the Western District of New York; Annie Blackwell v. ConAgra Foods, Inc., Case No. 07-00529, filed in the United States District Court for the District of South Carolina; Jacqueline Blasengame, et al. v. ConAgra Foods, Inc., Case No. 4:07-cv-00074-HLM, filed in the United States District Court for the Northern District of Georgia; Brian E. Bornhofer, et al. v. ConAgra Foods, Inc., Case No. 1:07-CV-00581, filed in the United States District Court for the Eastern District of Wisconsin; Krystina Brugh et, al. v. ConAgra Foods, Inc., Case No. 2:07-CV-00192-WL, filed in the United States District Court for the Northern District of Indiana; Brian Cox, et al. v. ConAgra Foods, Inc., Case No. 07-6027-CV-S-HFS, filed in the United States District Court for the Western District of Missouri; Larry Deason, et al. v. ConAgra Foods, Inc., Case No. 7:07-CV-00673-SLB, filed in the United States District Court for the Northern District of Alabama; Pamela Gateley v. ConAgra Foods, Inc., Case No. 2:07CV35-P-A, filed in the United States District Court for the Northern District of Mississippi; James Green v. ConAgra Foods, Inc., Case No. 3:07-CV-00269, filed in the United States District Court for the Southern District of Texas; Nicholas Griffin, et al. v. ConAgra Foods, Inc., Case No. 4:07-CV-00100-HLM, filed in the United States District Court for the Northern District of Georgia; Jamie S. Jeffords v. ConAgra Foods, Inc., Case No. 4:07-CV-00530-CMC, filed in the United States District Court for the District of South Carolina; Ezekiel Kollar, et al. v. ConAgra Foods Retail Products Co. and Grocery Foods Group, Case No. 1:07-CV-00130, filed in the United States District Court for the Western

14.     Indeed, in five cases containing similar allegations regarding damages, including one involving class allegations, five United States District Courts have denied remand. William Hart v. ConAgra Foods, Inc., Case No. 1:07-cv-0395-JDT-WTL (Order attached as Exhibit E1) (holding that in class action complaint, amount in controversy for purported putative class exceeded $5,000,000); Darren Ambrozich v. ConAgra Foods, Inc., Case No. 7:07-cv-00106-GFVT (Order attached as Exhibit E2) (holding "because this case is substantially similar to other pending food poisoning cases and because those other cases meet the amount in controversy requirement, it is likely that this case meets the amount in controversy requirement"); Wendy Mauro v. ConAgra Foods, Inc., Case No. 2:07CV104-P-A (Order attached as Exhibit E3) (finding remand inappropriate because plaintiff sought punitive damages and used "language indicating serious injuries that more often than not would result in damages in excess of $75,000.00 in Mississippi, including her claims to have 'suffered extreme physical injury, emotional distress, [and] economic losses…'"); Brenda Baker v. ConAgra Foods, Inc., Civil Action No. 1:07-CV-1313 TWT (Order attached as Exhibit E4) ("At the time of removal, it was more than likely that the Plaintiff's claim equaled or exceeded the jurisdictional amount"); Harold Stringer, et al. v. ConAgra Foods, Inc., Case No. 07-12028 (Order attached as Exhibit E5) (denying plaintiff's motion for remand).

---

District of New York; John Livingston, et al. v. Wal-Mart Stores, Inc. and ConAgra Foods, Inc., Case No. 3:07-CV-00323, filed in the United States District Court for the Western District of Louisiana; Glenn Manion et, al. v. ConAgra Foods, Inc., Case No. 4:07-CV-01122, filed in the United States District Court for the Eastern District of Missouri; Roberta Pelt, et al. v. ConAgra Foods, Inc., et al., Case No. CV-07-B-0592-S, filed in the United States District Court for the Northern District of Alabama; Brenda Porreca, et al. v. ConAgra Foods, Inc., Case No. 2"07-CV-02184, filed in the United States District Court for the Eastern District of Pennsylvania; Thomas B. Price, et al. v. ConAgra Foods, Inc., Case No. 3:07-CV-00536-CMC, filed in the United States District Court for the District of South Carolina; Eric Smith et, al. v. ConAgra Foods, Inc., Case No. 3:07-CV-00536-CMC, filed in the United States District Court for the Northern District of Texas; Jennifer Standard et, al. v. ConAgra Foods, Inc., Case No. 3:07-CV-00936-M, filed in the United States District Court for the Northern District of Texas; Cynthia Woodlee, et al. v. ConAgra Foods, Inc., Case No. 4:07-CV-00015, filed in the United States District Court for the Eastern District of Tennessee.

15. Based on the foregoing, ConAgra has met its burden of showing that the amount in controversy exceeds the jurisdictional threshold.

16. In sum, because there is complete diversity of citizenship between Plaintiff and ConAgra, and because Plaintiff is seeking damages in excess of the $75,000 jurisdictional threshold, ConAgra may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b).  This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties.  Furthermore, this notice of removal is timely as it is being filed less than thirty (30) days after ConAgra was served with Plaintiff's Complaint.

WHEREFORE, Defendant ConAgra Foods, Inc. respectfully requests that the above-captioned action now pending in the Circuit Court of Cook County, Illinois, County Department, Law Division, be removed to the District Court for the Northern District of Illinois, Eastern Division, and that said District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated:  February 20, 2008                    CONAGRA FOODS, INC.

                                                  By:___/s/ John D. Bonini_____
                                                      One of its Attorneys

John D. Bonini
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601
312.849.8100
312.849.3690 Fax
jbonini@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Defendant's Notice of Removal was caused to be served via first-class United States mail, postage prepaid, this 20th day of February, 2008, upon the following:

>James P. McLane, Esq.
>Hunt, Kaiser, Aranda & Subach, Ltd.
>1035 S. York Road
>Bensenville, Illinois 60106

                                       /s/  John D. Bonini
                                       John D. Bonini

\5017713.1