# EXHIBIT E1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM HART, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONAGRA FOODS, INC.,<br><br>Defendant. | 1:07-cv-0395-JDT-WTL |

**ENTRY DENYING MOTION TO REMAND (DOC.#13)
AND GRANTING MOTION TO STAY (DOC.#15)[1]**

On February 16, 2007, Defendant, ConAgra Foods, Inc. ("ConAgra"), announced that the peanut butter it manufactured at its Sylvester, Georgia plant, which bore a product code beginning with 2111, had been affected by the Salmonellosis bacteria. Consumers were told to destroy the peanut butter. Plaintiff, William Hart, consumed peanut butter that was manufactured by the Defendant, ConAgra, and subsequently suffered gastrointestinal problems. He filed suit in Indiana state court against ConAgra, on behalf of himself and all others in Indiana similarly situated. ConAgra removed the lawsuit here based on diversity and the Class Action Fairness Act. Hart has filed a motion to remand the matter back to state court because there is an insufficient amount of money at controversy to satisfy jurisdictional requirements. ConAgra opposes that motion and also has filed its own motion which asks the court to stay the matter to allow

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

the Judicial Panel on Multidistrict Litigation (the "Panel") to review the propriety of the various transfer motions which have been filed in similar litigation across the country. For the reasons discussed in this entry, this court finds no merit in either motion.

*Motion to Remand*

Removal allows a defendant to have an action filed in a state court transferred to the appropriate federal court if the action originally could have been filed there.[2] 28 U.S.C. § 1441(a); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). As the party invoking the federal court's jurisdiction, the defendant bears the burden of demonstrating that jurisdiction exists. *Chase*, 110 F.3d at 427. Jurisdiction is determined as of the moment of removal. *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

To remove a typical case to federal court based upon diversity jurisdiction, in addition to demonstrating the diverse citizenship of the parties, a defendant must show that the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). Where, as here, the Plaintiff is seeking class certification, the applicable statute requires Defendant demonstrate that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs ...." 28 U.S.C. § 1332(d)(2); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th

---

[2] The court must be in the district and division embracing the place where the state action was pending. 28 U.S.C. § 1441(a).

Cir. 2005). In many states, this is easy because the Defendant can place a price tag on the litigation by simply referring to the money demanded in good faith in the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). However, in states such as Indiana, which prohibit personal injury plaintiffs from listing a dollar figure in their complaints, see Ind. T.R. 8(A)(2), a defendant must establish the amount in controversy by other means.

The Seventh Circuit has stated that the party seeking removal is required to prove to "a reasonable probability" that jurisdiction exists. *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997). However, this rule does not mean that the defendant must establish, to a reasonable probability, what the plaintiff *will* collect. *Brill*, 427 F.3d at 448. Rather, the goal is to determine the cost or value of complying with the plaintiff's demands, from either party's perspective. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006). In this sense, in its removal petition, the defendant is only providing an estimate of its exposure or potential maximum loss. Thus, to remove a case, a defendant need only state a basis for its estimate. It can fulfill this requirement by pointing to relevant contentions or admissions, settlement demands, by calculation of the complaint's allegations, or in any other number of ways that might be appropriate. *Id.* at 541-42.

Here, ConAgra contends that it has a good faith basis to believe that there is more than $5,000,000 at stake, or above $25,000 per class member (conservatively estimating a class of at least 200 based upon Hart's own allegation that the class of

-3-

plaintiffs will total in the hundreds), because in similar class action filings addressing the same incident of contamination, which have been filed in other jurisdictions which allow the mention of specific amounts in the prayer for damages, the damages averred against it have been in excess of $25,000 per plaintiff. Further, ConAgra points to damages well in excess of $25,000 which have been awarded in other Salmonella poisoning cases, such as *Arbough v. Sweet Basil Bistro, Inc.*, 740 So.2d 186 (La. App. 1999), and numerous other unpublished decisions and settlements which can be found in electronic form. *See, e.g., Knotts v. Black Forest Cakes & Pastries*, 2003 WL 23515016, JAS MI Ref. No. 406136WL (Mich. Cir. Ct. Dec. 30, 2003); *Pavalounis v. L&B Spumoni Gardens*, 2002 WL 31887106 (N.Y. Sup. Ct. July 8, 2002).

Plaintiff contends that these other decisions are distinguishable and that the Center for Disease Control has listed only sixteen incidents where Indiana victims who ingested the peanut butter have reported serious symptoms. Hart also points out that he has stated in his complaint that the total amount of damages at stake does not exceed $5,000,000. The problem with Hart's argument is two-fold. Even if there are only sixteen or even six serious incidents of poisoning encompassed in the class, there is no way to be sure at this point that the amount at stake in those specific serious cases are not enough to push the total amount in controversy to or past the $5,000,000 mark. *See Anonymous 32 Year Old Plaintiff v. Anonymous Restaurant*, 2002 WL 1870399, JAS VA Ref. No. 400028WL (Va. Cir. Ct. Feb. 2, 2002) (settlement of $4,000,000 in Salmonella poisoning case which resulted in plaintiff suffering permanent disability and also chronic depression). As for Hart's averment in his complaint that the

total amount at issue is not in excess of the required amount for federal jurisdiction, the same is of no moment unless it is made in the form of a stipulation or affidavit submitted at the time of the complaint's initial filing. *In re Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1996). As Judge Sarah Evans Barker of this court has stated in the past, plaintiffs with claims below the jurisdictional minimum who wish to protect against removal "must demonstrate a certain prescience in anticipating this possibility and protecting themselves in advance by attaching an affidavit or stipulation to the complaint." *King v. Wal-Mart Stores, Inc.*, 940 F. Supp. 213, 216 (S.D. Ind. 1996). With the ball in his court at the time he filed his complaint, Hart demonstrated no such prescience and, therefore, left himself unprotected against removal.

<u>Motion To Stay</u>

ConAgra reports that there are at least 31 federal cases pending as a result of its recall of the tainted peanut butter, 21 of them putative class actions. All such actions contain similar allegations as advanced by Hart here. Four motions filed by various plaintiffs' counsel seek transfer of these cases to a single judicial district and ConAgra has joined in two of those transfer requests. It asks this court to stay all proceedings in this matter until such time as the pending transfer requests are reviewed by the Panel. A letter from the Panel Chairman, issued March 14, 2007, advises trial court judges with such cases before them that the Panel has received a motion to transfer all "ConAgra Peanut Butter Products Liability Litigation" and that after complete briefing, the motion will be considered at the next bimonthly Panel hearing session. The court also notes

that the conditional transfer order was issued by the Panel on July 17, 2007. Therefore, a stay pending completion of the transfer is appropriate.

Conclusion

Defendant, ConAgra, has met its burden of showing that an amount in excess of $5,000,000 is "to a reasonable probability" in controversy in connection with this putative class action. Accordingly, Plaintiff's Motion to Remand (Doc. #13) is **DENIED** and Defendant's Motion to Stay Proceedings Pending Ruling on MDL (Doc. #15) is **GRANTED**. This action is **STAYED** pending transfer to the multidistrict litigation in the Northern District of Georgia.

ALL OF WHICH IS ENTERED this 7th day of August 2007.

John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge William T. Lawrence

Gabriel Adam Hawkins
COHEN & MALAD LLP
ghawkins@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Vess Allen Miller
COHEN & MALAD, LLP
vmiller@cohenandmalad.com

Stephen A. Oliver
BOREN OLIVER & COFFEY
steveoliver@boclawyers.com

Miriam A. Rich
GONZALEZ SAGGIO & HARLAN, LLP
richm@gshllp.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Alejandro Valle
GONZALEZ SAGGIO & HARLAN LLP
alejandro_valle@gshllp.com

# EXHIBIT E2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| DARREN AMBROZICH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. |
| ) | |
| CONAGRA FOODS, INC., ) | 7:07-106 |
| ) | |
| Defendant. ) | |
| ) | **ORDER** |
| ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Motion to Remand filed by the Plaintiff, Darren Ambrozich ("Ambrozich") [R. 5] and a Motion to Stay filed by the Defendant, ConAgra Foods, Inc. (""ConAgra"). Because it is not clear whether the jurisdictional amount is met and because Ambrozich does not contest ConAgra's Motion for a Stay, this Court will stay all proceedings, including any necessary discovery regarding the issue of damages, pending a determination by the Judicial Panel on Multidistrict Litigation on the propriety of transfer and consolidation of this case in the matter of MDL-1845, *In re ConAgra Peanut Butter Products Liability Litigation*.

## I.

## BACKGROUND

Ambrozich, a Kentucky citizen, brought this action against ConAgra, a Delaware corporation with its principal place of business in Nebraska, in Magoffin Circuit Court on April 23, 2007. [R. 1 at 2 & ex. B at 3]. In his Complaint, Ambrozich alleges that he became violently ill after eating peanut butter cookies made from ConAgra-produced Peter Pan peanut butter. [R. 1

ex. B at 4-8]. As a result of his being ill, he was weak for several days. [*Id.*]. He later learned that the Peter Pan peanut butter was contaminated with bacteria. [*Id.*].

ConAgra was served on April 24, and it removed the action to this Court on May 11. [R. 1 at 2]. Ambrozich now moves this Court to remand the action because the amount in controversy requirement is not met. [R. 5]. In his Complaint, Ambrozich stated that the damages would not exceed $74,999.99. [R. 1 ex. B at 10]. He has not, however, filed any stipulation or affidavit stating that she does not and will not seek damages in excess of this amount.

ConAgra has also notified this Court that this action may be consolidated with current multidistrict litigation proceedings, *In re ConAgra Peanut Butter Products Liability Litigation*, MDL-1845. [R. 4]. ConAgra asks this Court to stay its ruling on the Motion to remand, and Ambrozich does not contest ConAgra's Motion to Stay. Because the amount in controversy is not clear and because this issue might be similar to other cases consolidated in the multidistrict litigation, the Court will decline to rule on the Motion to Remand at this time and will instead enter a stay of all proceedings.

## II.

## DISCUSSION

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This court has original "diversity" jurisdiction of all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" those who are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1). In this case, the removal by Ambrozich was based on diversity jurisdiction under 28 U.S.C. § 1332, and

he bears the burden of proving that removal was proper and that it has met the diversity jurisdiction requirements. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citations omitted).

A complaint's statement that the damages at issue are less than this Court's jurisdictional amount is not conclusive for removal purposes. *See, e.g., Parnell v. State Farm Mut. Auto. Ins. Co.*, 173 F.R.D. 446, 447 (W.D. Ky. 1997) (holding that because of Kentucky Rule 54.03(2), a plaintiff may recover more damages than sought in the complaint); *see also Ambrozich v. ConAgra Foods, Inc.*, 7:07-cv-00107-GFVT, Order Regarding Plaintiff's Motion to Remand (2007) (explaining why *Rogers* is applicable to the type of situation present in this action). Because Ambrozich is not bound by the limitation placed on his damages, this Court must ask whether, at the time of removal, it was more likely than not that he met the jurisdictional threshold. The answer to this question is unclear. He does not allege that he ever sought medical attention for his illness, much less was he ever hospitalized. [*See* R. 1 ex. B]. He bases his claim on one night's illness, several days of weakness, and unspecific and speculative ongoing gastrointestinal illness. [*Id.*]. It is not clear without further inquiry and discovery how Ambrozich could recover $75,000.00.

Normally, the Court would allow limited discovery on the nature of the damages. However, this action is in a slightly different posture than most. Currently, it awaits the Multidistrict Litigation Panel's ruling on whether to transfer this action to an ongoing multidistrict action, *In re ConAgra Peanut Butter Products Liability Litigation*, MDL-1845. [R. 4]. Damages issues may very well be applicable to other cases within the consolidated action. As a result, the question of whether damages are sufficient in this action—an action in which the

-3-

damages threshold is not clearly met—is best reserved for a later time. Therefore, in the interest of efficiency and economy, all proceedings in this action should be stayed pending the Panel's decision on whether to consolidate this case with MDL-1845.

### III.

### CONCLUSION

Accordingly, the Court, being otherwise fully and sufficiently advised, it is hereby **ORDERED** as follows:

1. that the Defendant's Motion for a Stay of all Proceedings pending transfer decision by the Judicial Panel on Multidistrict Litigation [R. 4] is **GRANTED**; and

2. that, other than those inspections mutually agreed upon by the parties, this matter is **STAYED** pending a decision by the Judicial Panel on Multidistrict Litigation.

This the 2nd day of August, 2007.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

-4-

# EXHIBIT E3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

WENDY L. MAURO,                                                             PLAINTIFF,

VS.                                                        CIVIL ACTION NO. 2:07CV104-P-A

CONAGRA FOODS, INC.,                                                        DEFENDANT.

## ORDER

This matter comes before the court upon Plaintiff's Motion to Remand [9]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

For substantially the same reasons discussed in this court's ruling in *Holmes v. Citifinancial Mortgage Company, Inc.*, 436 F.Supp.2d 829 (N.D.Miss.2006), the court finds that the instant motion to remand is not well-taken and should be denied. Although the Complaint explicitly limits the damages sought to $74,900.00, the defendant has met their burden in demonstrating by a preponderance of the evidence – *i.e.*, more likely than not – that the actual amount in controversy is in excess of $75,000.00 and the plaintiff has not rebutted that showing by demonstrating that it is legally certain the plaintiff is limited to recovering less than $75,000.00. The plaintiff herself did not file an affidavit limiting herself to less than $75,000.00 in damages, nor did she file an affidavit preventing her from filing an amended complaint seeking more than $75,000.00 in the event this case were remanded. It is undisputed that Mississippi law allows a plaintiff to amend her complaint after removal from federal court and to recover damages in excess of the amount contained in her complaint's *ad damnum* clause. Furthermore, the plaintiff explicitly seeks punitive damages and uses language indicating serious injuries that more often than not would result in damages in excess of $75,000.00 in Mississippi, including her claims to have "suffered extreme physical injury, emotional

1

distress, [and] economic losses ...."

       **IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [9] is **DENIED**.

       **SO ORDERED** this the 10th day of August, A.D., 2007.

                                  /s/ W. Allen Pepper, Jr.
                                  W. ALLEN PEPPER, JR.
                                  UNITED STATES DISTRICT JUDGE

# EXHIBIT E4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRENDA BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>CONAGRA FOODS, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:07-CV-1313-TWT |
| IN RE: CONAGRA PEANUT<br>BUTTER PRODUCTS LIABILITY<br>LITIGATION | MDL DOCKET NO. 1845<br>ALL CASES<br><br>1:07-MD-1845-TWT |

<u>ORDER</u>

This is a personal injury action. It is before the Court on the Plaintiff's Motion to Remand [Doc. 5]. At the time of removal, it was more likely than not that the Plaintiff's claim equaled or exceeded the jurisdictional amount. The case was properly removed by the Defendant.

SO ORDERED, this 20 day of August, 2007.

                                        /s/Thomas W. Thrash
                                        THOMAS W. THRASH, JR.
                                        United States District Judge

T:\ORDERS\07\ConAgra\07cv1313\remand.wpd

# EXHIBIT E5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD STRINGER, SANDY LANDERS,
THOMAS HICKS, EVORA EDWARDS,
NICOLE SPIVEY, DIANE SPIVEY,
ISIAH WALLACE, DAVID REMILONG,
T.D., by next friend JOCQUEL WOODRIDGE,
KIM CUSHARD, J.C. by next friend KIM
CUSHARD, S.C. by next friend KIM CUSHARD,
MARIA CUNNINGHAM, C.C. by next friend
MARIA CUNNINGHAM, E.C. by next friend
MARIA CUNNINGHAM, H.C. by next friend
MARIA CUNNINGHAM, MARJORIE GREENE,
ROBERT GREENE, and JENNIFER MONETTE,

                Plaintiffs,

v.                              Case No. 07-12028
                                Honorable David M. Lawson

CONAGRA FOODS, INC.,

                Defendant.
_____/

## ORDER DENYING MOTION TO REMAND AND GRANTING IN PART AND DENYING IN PART MOTION TO STAY

    This matter is before the Court on the defendant's motion to stay proceedings and the plaintiffs' motion to remand. The Court heard oral argument on the motions in open court on September 11, 2007. After considering the parties' arguments, the Court announced its decision from the bench.

    Accordingly, it is **ORDERED** that the plaintiffs' motion to remand [dkt # 4] is **DENIED** for the reasons stated on the record.

    It is further **ORDERED** that the defendant's motion to stay proceedings [dkt # 3] is **GRANTED IN PART** and **DENIED IN PART** for the reasons stated on the record.

    It is further **ORDERED** that this action is **STAYED** until further order of the Court for the

reasons stated on the record. Counsel for the parties shall inform the Court of the MDL panel's decision and, if appropriate, may file a motion to lift the stay thereafter.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 12, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 12, 2007.

s/Felicia M. Moses
FELICIA M. MOSES