UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA STANTON, | ) |
|        Plaintiff, | ) |
| v. | ) No. 08-CV-01040 |
| CONAGRA FOODS, INC. | ) |
|        Defendant. | ) |

**ANSWER TO COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant, ConAgra Foods, Inc. ("ConAgra"), answers the Complaint of Plaintiff, Lisa Stanton, (referred to as "Plaintiff") as follows:

**Count I - Negligence**

1. On or before February 1, 2007, Defendant CONAGRA FOODS, INC. was an Illinois corporation that owned, managed and operated a peanut butter manufacturing plant in the State of Georgia.

**ANSWER**:  ConAgra admits that it owns and operates a peanut butter manufacturing plant in Sylvester, Georgia.  Except as admitted, the allegations of Paragraph 1 of Plaintiff's Complaint are denied.

2. Prior to February 1, 2007, Defendant CONAGRA FOODS, INC. produced "Peter Pan Reduced Fat Crunchy Peanut Butter" at its Georgia manufacturing facility.

**ANSWER**:  ConAgra admits that it manufactures peanut butter at its plant in Sylvester, Georgia, including "Peter Pan" peanut butter.  Except as admitted, the allegations of Paragraph 2 of Plaintiff's Complaint are denied.

3. Prior to February 1, 2007, the "Peter Pan Reduced Fat Crunchy Peanut Butter" was labeled with product code "2111."

**ANSWER**:   ConAgra admits that the peanut butter, including Peter Pan brand peanut butter, produced at its Sylvester, Georgia plant during the time relevant to this case bore a product code beginning in "2111."  ConAgra denies that the product code "2111" refers to any particular lot or batch.  Except as admitted, the allegations of Paragraph 3 of Plaintiff's Complaint are denied.

4.     Prior to February 1, 2007, the "Peter Pan Reduced Fat Crunchy Peanut Butter" labeled with product code "2111" was contaminated with Salmonella and was therefore in a condition unfit for human consumption.

**ANSWER**:   ConAgra denies the allegations of Paragraph 4 of Plaintiff's Complaint.

5.     Prior to February 1, 2007, Defendant CONAGRA FOODS, INC. placed the "Peter Pan Reduced Fat Crunchy Peanut Butter" in retail stores in Chicago and throughout the surrounding Chicagoland area, including Normal, Illinois.

**ANSWER:**   ConAgra admits that, prior to February 1, 2007, it distributed Peter Pan brand peanut butter for sale to retail stores throughout the Chicago area, including Normal, Illinois.  Except as admitted, ConAgra denies the allegations of Paragraph 5 of Plaintiff's Complaint.

6.     Prior to February 1, 2007, Plaintiff LISA STANTON, purchased "Peter Pan Reduced Fat Crunchy Peanut Butter" in the city of Normal, County of McLean, State of Illinois.

**ANSWER:**   ConAgra lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

7.     On or about February 1, 2007, Plaintiff LISA STANTON, consumed the aforementioned "Peter Pan Reduced Fat Crunchy Peanut Butter" in the city of Normal, County of McLean, State of Illinois.

**ANSWER:**   ConAgra lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8.     On or about February 1, 2007, Plaintiff became violently ill with headaches, vomiting, body aches, severe abdominal pain, and bloody diarrhea.

**ANSWER:**   ConAgra lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9.      The Department of Health and Human Services Center for Disease Control and Prevention determined that the "Peter Pan Reduced Fat Crunchy Peanut Butter" manufactured by the Defendant with produce code "2111" was contaminated with *Salmonella*.

**ANSWER:**   ConAgra admits that the Centers for Disease Control and Prevention ("CDC") issued a release on March 7, 2007 regarding the voluntary recall of Peter Pan and certain Great Value peanut butter, the specific terms of which are evident in the release.  ConAgra denies that the allegations of Paragraph 9 accurately or comprehensively restate the terms of that release, and denies all allegations in Paragraph 9 that are inconsistent with that release.  ConAgra denies all remaining allegations of Paragraph 9 of Plaintiff's Complaint.

10.     On March 1, 2007, the U.S. Food and Drug Administration issued a press release stating that Defendant CONAGRA FOODS, INC. was recalling all Peter Pan peanut butter with product code 2111 due to the presence of *Salmonella*.  See Exhibit A.

**ANSWER:**   ConAgra admits that the Food and Drug Administration issued a release on March 1, 2007, the specific terms of which are evident on the release.  ConAgra denies that the allegations of Paragraph 10 of Plaintiff's Complaint accurately and comprehensively restate the terms of that release, and denies all allegations of Paragraph 10 of Plaintiff's Complaint that are inconsistent with that release.  ConAgra denies all remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant owed the plaintiff a duty to manufacture and/or distribute foods that were suitable for human consumption.

**ANSWER:**   The allegations of Paragraph 11 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, ConAgra denies the allegations of Paragraph 11 of Plaintiff's Complaint.

12.     On or about February 1, 2007, Defendant CONAGRA FOODS, INC. was negligent for one or more of the following reasons:

      a) Manufactured, produced and/or sold food contaminated with Salmonella bacteria;

3

      b) Failed to comply with food safety standards;

      c) Failed to adequately train and supervise the manufacturing staff and employees;

      d) Was otherwise careless and negligent in the preparation and distribution of the food consumed by the Plaintiff.

**ANSWER:** ConAgra denies each and every allegation of Paragraph 12 of Plaintiff's Complaint, including the allegations contained in subparts (a) through (d).

      13. As a proximate result of one or more of the foregoing acts or omissions by Defendant CONAGRA FOODS, INC., Plaintiff suffered injuries of a personal and pecuniary nature.

**ANSWER:** ConAgra denies the allegations of Paragraph 13 of Plaintiff's Complaint. ConAgra specifically denies that Plaintiff is entitled to damages of any nature whatsoever.

      ConAgra denies that Plaintiff is entitled to damages or any other relief requested in the WHEREFORE clause following Paragraph 13 of Count I of Plaintiff's Complaint.

## Count II – Strict Liability/Contaminated Food

      1. On or before February 1, 2007, Defendant CONAGRA FOODS, INC. was an Illinois corporation that owned, managed and operated a peanut butter manufacturing plant in the State of Georgia.

**ANSWER**: ConAgra admits that it owns and operates a peanut butter manufacturing plant in Sylvester, Georgia. Except as admitted, the allegations of Paragraph 1 of Plaintiff's Complaint are denied.

      2. Prior to February 1, 2007, Defendant CONAGRA FOODS, INC. produced "Peter Pan Reduced Fat Crunchy Peanut Butter" at its Georgia manufacturing facility.

**ANSWER**: ConAgra admits that it manufactures peanut butter at its plant in Sylvester, Georgia, including "Peter Pan" peanut butter. Except as admitted, the allegations of Paragraph 2 of Plaintiff's Complaint are denied.

3. Prior to February 1, 2007, the "Peter Pan Reduced Fat Crunchy Peanut Butter" was labeled with product code "2111."

**ANSWER**: ConAgra admits that the peanut butter, including Peter Pan brand peanut butter, produced at its Sylvester, Georgia plant during the time relevant to this case bore a product code beginning in "2111." ConAgra denies that the product code "2111" refers to any particular lot or batch. Except as admitted, the allegations of Paragraph 3 of Plaintiff's Complaint are denied.

4. Prior to February 1, 2007, the "Peter Pan Reduced Fat Crunchy Peanut Butter" labeled with product code "2111" was contaminated with Salmonella and was therefore in a condition unfit for human consumption.

**ANSWER**: ConAgra denies the allegations of Paragraph 4 of Plaintiff's Complaint.

5. Prior to February 1, 2007, Defendant CONAGRA FOODS, INC. placed the "Peter Pan Reduced Fat Crunchy Peanut Butter" in retail stores in Chicago and throughout the surrounding Chicagoland area, including Normal, Illinois.

**ANSWER:** ConAgra admits that, prior to February 1, 2007, it distributed Peter Pan brand peanut butter for sale to retail stores throughout the Chicago area, including Normal, Illinois. Except as admitted, ConAgra denies the allegations of Paragraph 5 of Plaintiff's Complaint.

6. Prior to February 1, 2007, Plaintiff LISA STANTON, purchased "Peter Pan Reduced Fat Crunchy Peanut Butter" in the city of Normal, County of McLean, State of Illinois.

**ANSWER:** ConAgra lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

7. On or about February 1, 2007, Plaintiff LISA STANTON, consumed the aforementioned "Peter Pan Reduced Fat Crunchy Peanut Butter" in the city of Normal, County of McLean, State of Illinois.

**ANSWER:** ConAgra lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8. On or about February 1, 2007, Plaintiff became violently ill with headaches, vomiting, body aches, severe abdominal pain, and bloody diarrhea.

**ANSWER:** ConAgra lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9. The Department of Health and Human Services Center for Disease Control and Prevention determined that the "Peter Pan Reduced Fat Crunchy Peanut Butter" manufactured by the Defendant with produce code "2111" was contaminated with *Salmonella*.

**ANSWER:** ConAgra admits that the Centers for Disease Control and Prevention ("CDC") issued a release on March 7, 2007 regarding the voluntary recall of Peter Pan and certain Great Value peanut butter, the specific terms of which are evident in the release. ConAgra denies that the allegations of Paragraph 9 accurately or comprehensively restate the terms of that release, and denies all allegations in Paragraph 9 that are inconsistent with that release. ConAgra denies all remaining allegations of Paragraph 9 of Plaintiff's Complaint.

10. On March 1, 2007, the U.S. Food and Drug Administration issued a press release stating that Defendant CONAGRA FOODS, INC. was recalling all Peter Pan peanut butter with product code 2111 due to the presence of *Salmonella*. See Exhibit A.

**ANSWER:** ConAgra admits that the Food and Drug Administration issued a release on March 1, 2007, the specific terms of which are evident on the release. ConAgra denies that the allegations of Paragraph 10 of Plaintiff's Complaint accurately and comprehensively restate the terms of that release and denies all allegations of Paragraph 10 of Plaintiff's Complaint that are inconsistent with that release. ConAgra denies all remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. *Salmonella* is an unreasonably dangerous condition in a food product.

**ANSWER:** ConAgra denies the allegations of Paragraph 11 of Plaintiff's Complaint.

12. As a proximate result of one or more of the foregoing acts or omissions by Defendant CONAGRA FOODS, INC., Plaintiff suffered injuries of a personal and pecuniary nature.

6

**ANSWER:**    ConAgra denies the allegations of Paragraph 12 of Plaintiff's Complaint. ConAgra specifically denies that Plaintiff is entitled to damages of any nature whatsoever.

ConAgra denies that Plaintiff is entitled to damages or any other relief requested in the WHEREFORE clause following Paragraph 12 of Count II of Plaintiff's Complaint.

### Count III – Breach of Implied Warranty/Contaminated Food

1.    On or before February 1, 2007, Defendant CONAGRA FOODS, INC. was an Illinois corporation that owned, managed and operated a peanut butter manufacturing plant in the State of Georgia.

**ANSWER**:    ConAgra admits that it owns and operates a peanut butter manufacturing plant in Sylvester, Georgia. Except as admitted, the allegations of Paragraph 1 of Plaintiff's Complaint are denied.

2.    Prior to February 1, 2007, Defendant CONAGRA FOODS, INC. produced "Peter Pan Reduced Fat Crunchy Peanut Butter" at its Georgia manufacturing facility.

**ANSWER**:    ConAgra admits that it manufactures peanut butter at its plant in Sylvester, Georgia, including "Peter Pan" peanut butter. Except as admitted, the allegations of Paragraph 2 of Plaintiff's Complaint are denied.

3.    Prior to February 1, 2007, the "Peter Pan Reduced Fat Crunchy Peanut Butter" was labeled with product code "2111."

**ANSWER**:    ConAgra admits that the peanut butter, including Peter Pan brand peanut butter, produced at its Sylvester, Georgia plant during the time relevant to this case bore a product code beginning in "2111." ConAgra denies that the product code "2111" refers to any particular lot or batch. Except as admitted, the allegations of Paragraph 3 of Plaintiff's Complaint are denied.

4.    Prior to February 1, 2007, the "Peter Pan Reduced Fat Crunchy Peanut Butter" labeled with product code "2111" was contaminated with Salmonella and was therefore in a condition unfit for human consumption.

**ANSWER**:    ConAgra denies the allegations of Paragraph 4 of Plaintiff's Complaint.

7

5.    Prior to February 1, 2007, Defendant CONAGRA FOODS, INC. placed the "Peter Pan Reduced Fat Crunchy Peanut Butter" in retail stores in Chicago and throughout the surrounding Chicagoland area, including Normal, Illinois.

**ANSWER:**    ConAgra admits that, prior to February 1, 2007, it distributed Peter Pan brand peanut butter for sale to retail stores throughout the Chicago area, including Normal, Illinois. Except as admitted, ConAgra denies the allegations of Paragraph 5 of Plaintiff's Complaint.

6.    Prior to February 1, 2007, Plaintiff LISA STANTON, purchased "Peter Pan Reduced Fat Crunchy Peanut Butter" in the city of Normal, County of McLean, State of Illinois.

**ANSWER:**    ConAgra lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

7.    On or about February 1, 2007, Plaintiff LISA STANTON, consumed the aforementioned "Peter Pan Reduced Fat Crunchy Peanut Butter" in the city of Normal, County of McLean, State of Illinois.

**ANSWER:**    ConAgra lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8.    On or about February 1, 2007, Plaintiff became violently ill with headaches, vomiting, body aches, severe abdominal pain, and bloody diarrhea.

**ANSWER:**    ConAgra lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9.    The Department of Health and Human Services Center for Disease Control and Prevention determined that the "Peter Pan Reduced Fat Crunchy Peanut Butter" manufactured by the Defendant with produce code "2111" was contaminated with *Salmonella*.

**ANSWER:**    ConAgra admits that the Centers for Disease Control and Prevention ("CDC") issued a release on March 7, 2007 regarding the voluntary recall of Peter Pan and certain Great Value peanut butter, the specific terms of which are evident in the release. ConAgra denies that the allegations of Paragraph 9 accurately or comprehensively restate the terms of that release,

and denies all allegations in Paragraph 9 that are inconsistent with that release. ConAgra denies all remaining allegations of Paragraph 9 of Plaintiff's Complaint.

10. On March 1, 2007, the U.S. Food and Drug Administration issued a press release stating that Defendant CONAGRA FOODS, INC. was recalling all Peter Pan peanut butter with product code 2111 due to the presence of *Salmonella*. See Exhibit A.

**ANSWER:** ConAgra admits that the Food and Drug Administration issued a release on March 1, 2007, the specific terms of which are evident on the release. ConAgra denies that the allegations of Paragraph 10 of Plaintiff's Complaint accurately and comprehensively restate the terms of that release and denies all allegations of Paragraph 10 of Plaintiff's Complaint that are inconsistent with that release. ConAgra denies all remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. On or about February 1, 2007, Defendant CONAGRA FOODS, INC. breached their implied warranty of fitness and merchantability, in violation of Illinois Complied Statutes, 2004, Chapter 810, Section 5/2-315; in one or more of the following ways:

    a) The Defendant produced and/or sold food contaminated with Salmonella bacteria;
    b) Failed to properly handle the food and its packaging to prevent the spread and growth of Salmonella bacteria;
    c) Failed to maintain proper hygienic conditions at its manufacturing facility to prevent the spread and growth of Salmonella bacteria;
    d) Failed to adequately train and supervise the manufacturing staff, chefs, and employees;
    e) Failed to warn employees to properly wash their hands, surfaces, packaging and utensils to prevent the spread and growth of Salmonella bacteria;
    f) Were otherwise careless and negligent in the preparation and distribution of the food consumed by the Plaintiff.

**ANSWER:** ConAgra denies each and every allegation of Paragraph 11 of Plaintiff's Complaint, including the allegations contained in subparts (a) through (f).

12. As a proximate result of one or more of the foregoing acts or omissions by Defendant CONAGRA FOODS, INC., Plaintiff suffered injuries of a personal and pecuniary nature.

**ANSWER:**   ConAgra denies the allegations of Paragraph 12 of Plaintiff's Complaint. ConAgra specifically denies that Plaintiff is entitled to damages of any nature whatsoever.

ConAgra denies that Plaintiff is entitled to damages or any other relief requested in the WHEREFORE clause following Paragraph 12 of Count III of Plaintiff's Complaint.

### Count IV –Res Ipsa Loquitur

1. On or before February 1, 2007, Defendant CONAGRA FOODS, INC. was an Illinois corporation that owned, managed and operated a peanut butter manufacturing plant in the State of Georgia.

**ANSWER**:   ConAgra admits that it owns and operates a peanut butter manufacturing plant in Sylvester, Georgia.  Except as admitted, the allegations of Paragraph 1 of Plaintiff's Complaint are denied.

2. Prior to February 1, 2007, Defendant CONAGRA FOODS, INC. produced "Peter Pan Reduced Fat Crunchy Peanut Butter" at its Georgia manufacturing facility.

**ANSWER**:   ConAgra admits that it manufactures peanut butter at its plant in Sylvester, Georgia, including "Peter Pan" peanut butter.  Except as admitted, the allegations of Paragraph 2 of Plaintiff's Complaint are denied.

3. Prior to February 1, 2007, the "Peter Pan Reduced Fat Crunchy Peanut Butter" was labeled with product code "2111."

**ANSWER**:   ConAgra admits that the peanut butter, including Peter Pan brand peanut butter, produced at its Sylvester, Georgia plant during the time relevant to this case bore a product code beginning in "2111."  ConAgra denies that the product code "2111" refers to any particular lot or batch.  Except as admitted, the allegations of Paragraph 3 of Plaintiff's Complaint are denied.

4. Prior to February 1, 2007, the "Peter Pan Reduced Fat Crunchy Peanut Butter" labeled with product code "2111" was contaminated with Salmonella and was therefore in a condition unfit for human consumption.

**ANSWER**:   ConAgra denies the allegations of Paragraph 4 of Plaintiff's Complaint.

5. Prior to February 1, 2007, Defendant CONAGRA FOODS, INC. placed the "Peter Pan Reduced Fat Crunchy Peanut Butter" in retail stores in Chicago and throughout the surrounding Chicagoland area, including Normal, Illinois.

**ANSWER:** ConAgra admits that, prior to February 1, 2007, it distributed Peter Pan brand peanut butter for sale to retail stores throughout the Chicago area, including Normal, Illinois. Except as admitted, ConAgra denies the allegations of Paragraph 5 of Plaintiff's Complaint.

6. Prior to February 1, 2007, Plaintiff LISA STANTON, purchased "Peter Pan Reduced Fat Crunchy Peanut Butter" in the city of Normal, County of McLean, State of Illinois.

**ANSWER:** ConAgra lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

7. On or about February 1, 2007, Plaintiff LISA STANTON, consumed the aforementioned "Peter Pan Reduced Fat Crunchy Peanut Butter" in the city of Normal, County of McLean, State of Illinois.

**ANSWER:** ConAgra lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8. On or about February 1, 2007, Plaintiff became violently ill with headaches, vomiting, body aches, severe abdominal pain, and bloody diarrhea.

**ANSWER:** ConAgra lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9. The Department of Health and Human Services Center for Disease Control and Prevention determined that the "Peter Pan Reduced Fat Crunchy Peanut Butter" manufactured by the Defendant with produce code "2111" was contaminated with *Salmonella*.

**ANSWER:** ConAgra admits that the Centers for Disease Control and Prevention ("CDC") issued a release on March 7, 2007 regarding the voluntary recall of Peter Pan and certain Great Value peanut butter, the specific terms of which are evident in the release. ConAgra denies that the allegations of Paragraph 9 accurately or comprehensively restate the terms of that release,

and denies all allegations in Paragraph 9 that are inconsistent with that release. ConAgra denies all remaining allegations of Paragraph 9 of Plaintiff's Complaint.

      10.     On March 1, 2007, the U.S. Food and Drug Administration issued a press release stating that Defendant CONAGRA FOODS, INC. was recalling all Peter Pan peanut butter with product code 2111 due to the presence of *Salmonella*. See Exhibit A.

**ANSWER:**    ConAgra admits that the Food and Drug Administration issued a release on March 1, 2007, the specific terms of which are evident on the release. ConAgra denies that the allegations of Paragraph 10 of Plaintiff's Complaint accurately and comprehensively restate the terms of that release and denies all allegations of Paragraph 10 of Plaintiff's Complaint that are inconsistent with that release. ConAgra denies all remaining allegations in Paragraph 10 of Plaintiff's Complaint.

      11.     At all relevant times, the peanut butter and its container were in the exclusive control of the defendant.

**ANSWER:**    ConAgra denies the allegations of Paragraph 11 of Plaintiff's Complaint.

      12.     As a proximate result of one or more of the foregoing acts or omissions by Defendant CONAGRA FOODS, INC., Plaintiff suffered injuries of a personal and pecuniary nature.

**ANSWER:**    ConAgra denies the allegations of Paragraph 12 of Plaintiff's Complaint. ConAgra specifically denies that Plaintiff is entitled to damages of any nature whatsoever.

ConAgra denies that Plaintiff is entitled to damages or any other relief requested in the WHEREFORE clause following Paragraph 12 of Count IV of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

Defendant ConAgra Foods, Inc., by counsel, reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiff's Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff and with the reservation of its right to amend

12

or supplement its responses to Plaintiff's Complaint, as well as its affirmative defenses, as information is gathered through discovery:

1. Plaintiff's cause of action fails in whole or part to state a claim upon which relief can be granted.

2. Plaintiff's complaint is pre-empted by applicable state or federal laws.

3. ConAgra denies that Plaintiff was injured to the extent alleged and calls for strict proof thereof.

4. Plaintiff's illnesses, if any, were the result of natural health processes and would have occurred just as they did irrespective of ConAgra's actions or conduct.

5. Plaintiff's alleged injuries were caused by the act or omission of an individual or entity over whom or which ConAgra exercised no control.

6. Plaintiff's alleged injuries were caused by an intervening or superseding cause.

7. Plaintiff's alleged damages were the result, in part, of pre-existing injuries or conditions.

8. The negligence of others, over whom ConAgra exercises no control, was either the sole proximate cause of Plaintiff's alleged injuries or was a proximate cause of Plaintiff's injuries.

9. The negligence of Plaintiff and his failure to use that degree of care as would have been used by ordinary, reasonable, and prudent persons under the same or similar circumstances was a, or the sole, proximate cause of his injuries.

10. Defendant's product conformed to the state of the art for the design and manufacture of similar products at all times relevant to this litigation.

11. Defendant's product was not unreasonably dangerous.

12. To the extent Plaintiff's negligence in one or more ways stated exceeds Fifty Percent (50%), the Plaintiff is barred from any recovery from Defendant. Alternatively, if Plaintiff's comparative negligence is Fifty Percent (50%) or less of the combined fault of all tortfeasors, the Plaintiff's recovery must be reduced by his own percentage of fault. 735 ILCS §5/2-1116.

13. Some or all of Plaintiff's claims are not properly before this Court because of the doctrine of primary jurisdiction. This Court should abstain and defer to the jurisdiction of public agencies, including but not limited to, the U.S. Food and Drug Administration and applicable state agencies.

14. At all material times, Defendant acted with due care and complied with applicable statutory, regulatory, and common law requirements. Accordingly, some or all of the Plaintiff's claims are or may be barred by Defendant's compliance with all applicable state, federal, and local laws and regulations.

15. Plaintiff is estopped to pursue further relief in this action against Defendant to the extent the Plaintiff proceeds with prosecution of any other class, consolidated or individual action in any jurisdiction against Defendant, including, but not limited to, those certain actions instituted prior or subsequent to this action.

16. Any claim advanced as a warranty claim for which the Plaintiff failed to give ConAgra timely and reasonable notice as required by law is barred.

17. Plaintiff is estopped to pursue further relief in this action against ConAgra to the extent that Plaintiff proceeds with prosecution of any other class, consolidated or individual action in any jurisdiction against ConAgra, including but not limited to those certain actions instituted prior or subsequent to this action.

18.     Defendant reserves the right to raise any additional defenses as may be revealed by discovery or investigation in this matter.

WHEREFORE, ConAgra Foods, Inc. respectfully requests that Plaintiff's Complaint be dismissed in its entirety, on the merits, and with prejudice; that Plaintiff be denied the relief from Defendant which she has requested in her Complaint; that ConAgra be awarded its reasonable attorneys' fees and costs incurred in defending against this matter; and any other relief this Honorable Court deems just and equitable.

Dated: February 27, 2008

CONAGRA FOODS, INC.


By:   /s/ John D. Bonini
          One of its Attorneys

John D. Bonini
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601
312.849.8100
312.849.3690 Fax
jbonini@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that the foregoing Answer to Complaint and Affirmative Defenses was caused to be served by first-class U.S. Mail, postage prepaid, on the 27th day of February, 2008, upon:

> James P. McLane, Esq.
> Hunt, Kaiser, Aranda & Subach, Ltd.
> 1035 S. York Road
> Bensenville, Illinois  60106

                                      /s/ John D. Bonini
                                      John D. Bonini

\5069867.1